IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DEAN GILBERT, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-338-K-BN |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institution Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Dean Gilbert has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted of assault with bodily injury and was sentenced to 10 years confinement, probated for five years. Over the next three years, the State of Texas filed several motions to revoke probation, which resulted in amendment to Petitioner's conditions of release. After a hearing to consider the State's fourth motion to revoke community supervision, the trial court revoked his probation and assessed punishment at 10 years confinement.[1] His conviction and sentence were affirmed on

---

[1] Petitioner is also serving concurrent 90-year sentences imposed when he was convicted of two counts of indecency with a child by contact. *See Dean v. State*, Nos. 05-08-00247-CR & 05-08-00248-CR, 2009 WL 2343255 (Tex. App. – Dallas, July 31,

direct appeal after his appellate attorney filed an *Anders* brief. *See Gilbert v. State,* No. 05-04-01595-CR, 2006 WL 772861 (Tex. App. – Dallas, Mar. 28, 2006, no pet.). Petitioner then filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *See Ex parte Gilbert,* WR-65,645-01 (Tex. Crim. App. Sept. 27, 2006). Petitioner then filed an application for federal habeas relief, which was denied. *See Gilbert v. Quarterman,* No. 3:06-cv-1981-N, 2008 WL 2378152 (N.D. Tex. June 6, 2008). Petitioner has also filed an additional application for state post-conviction for relief, which was dismissed as an abuse of the writ. *See Ex parte Gilbert*, WR-65,645-07 (Tex. Crim. App. Aug. 1, 2012).

Petitioner now seeks post-conviction relief on grounds that (1) he received ineffective assistance of counsel when his attorney did not file a motion to quash the indictment, did not subpoena his psychiatric records, and failed to argue that his prior convictions were caused by his "long history of mental disorders" and (2) his sentence of probation was void. Before the Court may consider this motion, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996,

---

2009, pet. ref'd). He does not challenge these convictions in the instant habeas petition.

Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

**Recommendation**

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE